**STEVENS & LEE, P.C.**
Frank C. Sabatino (FS 2422)
Jo Bennett (JB 9519)
John C. Kilgannon (JK 3649)
1415 Marlton Pike East
Suite 506
Cherry Hill, NJ 08034-2210
(856) 354-9200
Fax: (856) 354-8111

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM J. EINHORN, Administrator of THE TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA & VICINITY,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY LOGISTICS, LLC., AMERICAN HELPER, INC., MARANO TRUCK SALES & SERVICE, INC., MARANO TRUCK LEASING CORP., MARANO NATIONAL TRUCK LEASE CORP., MARANO NATIONAL TRUCK LEASING CORP., CENTURY TRUCK AND TRAILER, INC., MARANO TRUCK LEASING CORP., MARANO NATIONAL TRUCK, INC., DOMINICK C. MARANO, and MARIAN MARANO,<br><br>Defendants. | 07CV 4073(JHR) |

## COMPLAINT

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145 ("ERISA"), pursuant to Section 4301 of the Multiemployer Pension Plan Amendments Act of 1980

("MPPAA"), 29 U.S.C. § 1451, a statutory amendment to ERISA, and pursuant to federal common law, 28 U.S.C. § 1331.

2. Venue is proper in this District pursuant to Section 4301(d) of MPPAA, 29 U.S.C. § 1451(d), as the Teamsters Pension Trust Fund of Philadelphia & Vicinity ("Pension Fund") is administered in this District, and pursuant to 28 U.S.C. § 1391, as Plaintiff's claims arose in this District.

## PARTIES

3. Plaintiff, William J. Einhorn ("Einhorn" or "Plaintiff"), is the Administrator of the Pension Fund. He is a fiduciary of the Pension Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and he has been authorized by the Trustees of the Pension Fund to bring this action on their behalf and on behalf of the Pension Fund.

4. The Pension Fund is an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A), and a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Pension Fund was established in 1957 pursuant to Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5), by various local unions located in the Philadelphia metropolitan area that are affiliated with the International Brotherhood of Teamsters ("IBT"), and various employers having collective bargaining agreements with such local unions.

5. The Pension Fund exists for the exclusive purpose of providing benefits to its participants and beneficiaries. The Pension Fund is duly administered by its Board of Trustees and maintains its office at 6981 North Park Drive, Suite 400, Pennsauken, New Jersey 08109.

6. Defendant Liberty Logistics, LLC, ("Liberty") is a Pennsylvania limited liability company engaged in trucking that maintains its principal place of business at

2

812 Durham Road, Suite 2, Newtown, Pennsylvania 18940. Dominick C. Marano owns 100% of Liberty.

7. Defendant American Helper, Inc. ("American") is a Pennsylvania corporation engaged in trucking that maintains its principal place of business at P.O. Box 491, Penns Park, PA 18943. Dominick C. Marano owns 100% of the capital stock of American.

8. Defendant Marano Truck Sales & Service, Inc. ("Marano Truck") is a Pennsylvania corporation that maintains its principal place of business at 2215 E. Westmoreland Street, Philadelphia, PA 19134. Marano Truck engages in the business of selling, leasing, and servicing trucks. Upon information and belief, Dominick C. Marano or Dominick C. Marano and Marian Marano own 100% of the capital stock of Marano Truck.

9. Defendant Marano National Truck, Inc. ("Marano National") is a Pennsylvania corporation that maintains its principal place of business at 12 Devonshire Drive, New Hope, Pennsylvania 18938-9328. Marano National engages in the business of selling new and used cars, trucks, tractors, and trailers. Upon information and belief, Dominick C. Marano or Dominick C. Marano and Marian Marano own 100% of the capital stock of Marano National.

10. Defendant Marano Truck Leasing Corp. ("Marano Leasing") is a Pennsylvania corporation that maintains its principal place of business at 2215 E. Westmoreland Street, Philadelphia, Pennsylvania 19154-5228. Marano Leasing engages in the business of renting and leasing trucks. Upon information and belief, Dominick C. Marano or Dominick C. Marano and Marian Marano own 100% of the capital stock of Marano Leasing.

11. Defendant Marano National Truck Lease Corp. ("Marano National Truck") is a Pennsylvania corporation that maintains its principal place of business at 2200 Castor Avenue, Philadelphia, Pennsylvania 19134. Marano National Truck engages in the business of

3

leasing and renting trucks. Upon information and belief, Dominick C. Marano or Dominick C. Marano and Marian Marano own 100% of the capital stock of Marano National Truck.

    12. Marano National Truck Leasing Corp. ("Marano National Leasing") is a Pennsylvania corporation that maintains its principal place of business at 63 Windy Knoll Drive, Richboro, Pennsylvania 18954. Marano National Leasing engages in the business of renting and leasing trucks. Upon information and belief, Dominick C. Marano or Dominick C. Marano and Marian Marano own 100% of the capital stock of Marano National Leasing.

    13. Defendant Century Truck and Trailer, Inc. ("Century") is a Pennsylvania corporation that maintains its principal of business at 2200 Castor Avenue, Philadelphia, Pennsylvania 19134. Century engages in the business of renting and leasing trucks. Upon information and belief, Dominick C. Marano or Dominick C. Marano and Marian Marano own 100% of the capital stock of Century.

    14. Defendant Marano Truck Leasing Corp. ("Marano Truck Leasing") is a Pennsylvania corporation that maintains it principal place of business at 2200 Castor Avenue, Philadelphia, Pennsylvania 19134. Marano Truck Leasing engages in the business of renting and leasing trucks. Upon information and belief, Dominick C. Marano or Dominick C. Marano and Marian Marano 100% of the capital stock of Marano Truck Leasing.

    15. Defendant Dominick C. Marano is an adult individual who resides at 12 Devonshire Street, New Hope, Pennsylvania 19130; he is an officer and owner of the trades and businesses as alleged herein.

    16. Defendant Marian Marano is an adult individual married to Dominick C. Marano; she is an owner and officer of the trades and businesses as alleged herein.

4

## COUNT I
## CLAIM AGAINST LIBERTY FOR WITHDRAWAL LIABILITY

17. Einhorn realleges all of the allegations set forth in paragraphs 1 through 16 herein.

18. Liberty has been party to a series of collective bargaining agreements with IBT Local Union No. 107 ("Local 107") pursuant to which Liberty had the obligation to make prompt monthly contributions to the Pension Fund on behalf of Liberty's employees represented by Local 107.

19. Liberty has ceased operations covered by its collective bargaining agreements with Local 107 and has effected a "complete withdrawal" from the Pension Fund within the meaning of Section 4203 (a)(2) of MPPAA 29 U.S.C. Section 1383 (a)(2).

20. The Pension Fund initially determined that Liberty had incurred $826,317.83 in withdrawal liability to the Pension Fund under MPPAA as a result of this complete withdrawal and assessed Liberty for that amount of withdrawal liability.

21. Dominick C. Marano subsequently represented to the Fund that Liberty and American were "under common control" within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1) and its regulations and, therefore, should be considered as one "employer" for purposes of MPPAA.

22. Dominick C. Marano also represented to the Pension Fund that American had commenced contributions to the Pension Fund pursuant to a collective bargaining agreement with Local 107 that required American to pay contributions to the Pension Fund on behalf of American's employees represented by Local 107.

23. The representations made by Dominick C. Marano as described in paragraphs 21 and 22, herein, were accurate.

24. Based on the contributions paid to the Pension Fund by American as described in paragraphs 21-23, herein, the Pension Fund determined that the withdrawal liability that Liberty owed to the Pension Fund reduced to $406,000.80 by reason of an "abatement" within the meaning of Section 4207 of MPPAA and its regulations.

25. Liberty has never paid any portion of the withdrawal liability owed to the Pension Fund.

26. Liberty has waived all administrative remedies for challenging the $406,000.80 assessment of withdrawal liability and is legally precluded from challenging the assessment of withdrawal liability in any forum.

27. Liberty owes $406,000.80 in withdrawal liability to the Pension Fund in a lump sum.

28. The Pension Fund's plan authorizes liquidated damages on delinquent withdrawal liability at the rate of twenty percent (20%) of the withdrawal liability.

29. The Pension Fund is entitled to all legal remedies that result from Liberty's withdrawal and waiver of administrative remedies.

## COUNT II
## CLAIM AGAINST THE LIBERTY CONTROLLED GROUP FOR WITHDRAWAL LIABILITY

30. Einhorn realleges all of the allegations set forth in paragraphs 1 through 29 herein.

31. For purpose of this Complaint, all defendants identified in paragraphs 8-14, herein, shall be called the "Liberty Controlled Group."

32. Dominick C. Marano owns 100% of Liberty and, upon information and belief, 100% of the capital stock of each entity in the Liberty Controlled Group, either alone or in conjunction with Marian Marano.

6

33. Liberty and the Liberty Controlled Group constitute one "employer" for purposes of the withdrawal liability that Liberty owes to the Pension Fund, because they were all under "common control" within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1) on the date of Liberty's withdrawal from the Pension Fund.

34. Each member of the Liberty Controlled Group is bound by Liberty's waiver of administrative remedies.

35. Pursuant to Sections 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Liberty and the Liberty Controlled Group are jointly and severally liable for the withdrawal liability that Liberty owes to the Pension Fund.

## COUNT III
### CLAIM AGAINST DOMINICK C. MARANO AND MARIAN MARANO FOR CONSTRUCTIVE TRUST OF ASSETS THAT SHOULD HAVE BEEN USED TO PAY WITHDRAWAL LIABILITY

36. Einhorn realleges all of the allegations set forth in paragraphs 1 through 35 herein.

37. In accordance with Section 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D), the Pension Fund is administered pursuant to various documents, including the Amended and Restated Agreement and Declaration of Trust dated July 1, 2000 (the "Trust Agreement"). A true and correct copy of the Trust Agreement is attached hereto, made a part hereof, and marked as Exhibit "A".

38. The Trust Agreement provides that delinquent withdrawal liability owed to the Pension Fund constitutes plan assets held in trust for the benefit of the Pension Fund. *See* Trust Agreement, Article VI, Section 5.

39. Upon information and belief, Dominick C. Marano is the president or chief executive officer of Liberty and each member of the Liberty Controlled Group.

40. Upon information and belief, Marian Marano is an officer of Liberty and each member of the Liberty Controlled Group.

41. Liberty and the Liberty Controlled Group individually and collectively hold assets that should have been used to pay the withdrawal liability that Liberty owes to the Pension Fund.

42. As president or chief executive officer of Liberty and each member of the Liberty Controlled Group, Dominick C. Marano is responsible for their failure to pay any portion of the withdrawal liability that Liberty owes to the Pension Fund.

43. As an officer of Liberty and each member of the Liberty Controlled Group, Marian Marano is responsible for their failure to pay any portion of the withdrawal liability that Liberty owes to the Pension Fund.

44. To the extent that Dominick C. Marano, Marian Marano, or both have retained or controlled funds that are due and payable to the Pension Fund for withdrawal liability or otherwise, they do so in direct violation of the terms of the Trust Agreement and related documents.

45. To the extent that Dominick C. Marano, Marian Marano, or both have retained or controlled funds that are due and payable to the Pension Fund for withdrawal liability or otherwise, they have been unjustly enriched by the continued retention of those funds.

46. To the extent that Dominick C. Marano, Marian Marano, or both have retained or controlled funds that are due and payable to the Pension Fund for withdrawal liability or otherwise, a constructive trust should be imposed against the funds for the benefit of the Pension Fund.

Case 1:07-cv-04073-JHR-JS   Document 1   Filed 08/24/07   Page 9 of 13 PageID: 9

## COUNT IV
### CLAIM AGAINST DOMINICK C. MARANO AND MARIAN MARANO FOR CONTROLLED GROUP LIABILITY

47. Einhorn realleges all of the allegations set forth in paragraphs 1 through 46 herein.

48. Dominick C. Marano and Marian Marano own the property located at 2215 E. Westmoreland Street, Philadelphia, Pennsylvania 19134.

49. Dominick C. Marano and Marian Marano have used the property located at 2215 E. Westmoreland Street, Philadelphia, Pennsylvania 19134 for commercial purposes, in that they have wholly or partially: (a) leased the property to a third-party for profit, and (b) used the property in the business conducted by various members of the Liberty Controlled Group.

50. The property located at 2215 E. Westmoreland Street, as used for the purposes described in paragraph 49, herein, constitutes an unincorporated "trade or business" for purposes of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1) and its regulations.

51. The unincorporated "trade or business" described in paragraph 49, herein, is "under common" control with Liberty and the Liberty Controlled Group and, thus, jointly and severally liable for the withdrawal liability that Liberty and the Liberty Controlled Group owe to the Pension Fund.

52. Dominick C. Marano and Marian Marano are jointly and severally liable for the withdrawal liability that the unincorporated "trade or business," described in paragraph 49 and 50, herein, owes to the Pension Fund.

## COUNT V
### CLAIM AGAINST LIBERTY FOR DELINQUENT CONTRIBUTIONS

53. Einhorn realleges all of the allegations set forth in paragraphs 1 through 52 herein.

9

08/24/07/SL1 741544v1/027202.00051

54. During time periods relevant to this case, Charles Butz has been a participant of the Pension Fund and of the Teamsters Health and Welfare Fund of Philadelphia & Vicinity, an "employee welfare benefit plan" established pursuant to both Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and Section 3(1) of ERISA, 29 U.S.C. § 1002(1), and a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

55. The Health and Welfare Fund exists for the exclusive purpose of providing medical benefits and related benefits to its participants and beneficiaries.

56. During time periods relevant to this case, Liberty has employed Charles Butz in a bargaining unit covered by successive collective bargaining agreements between Liberty and Local 107.

57. The collective bargaining agreements described in paragraph 56, herein, have required Liberty to make prompt monthly contributions to both the Pension Fund and the Health and Welfare Fund on behalf of Charles Butz calculated on the basis of time that he accrued as a member of the Local 107 bargaining unit.

58. During January through October 2003, Charles Butz accrued service in the Local 107 bargaining unit that obligated Liberty under the applicable collective bargaining agreement to pay contributions to both the Pension Fund and the Health and Welfare Fund on his behalf.

59. Liberty failed to make the contributions described in paragraph 58, herein.

60. Charles Butz subsequently contacted the Pension Fund and the Health and Welfare Fund concerning Liberty's failure to pay the contributions described in paragraph 58, herein.

08/24/07/SL1 741544v1/027202.00051

61. Charles Butz presented the Pension Fund and the Health and Welfare Fund with pay stubs that substantiated Liberty's obligation to pay contributions as described in paragraph 58, herein.

62. Frank Duffy, Audit Manager of the Pension Fund and the Health and Welfare Fund, subsequently wrote to Dominick C. Marano to request that Liberty make the contributions on behalf of Charles Butz described in paragraph 58, herein.

63. Dominick C. Marano responded to Frank Duffy by acknowledging that Liberty owed the contributions described in paragraph 58, herein, to both the Pension Fund and the Health and Welfare Fund and by representing that Liberty would pay these contributions.

64. Dominick C. Marano sent payment to the Health and Welfare Fund for the contributions described in paragraph 58, herein, by means of a check drawn upon Liberty.

65. Neither Liberty, Dominick C. Marano, nor any other person or entity has ever paid to the Pension Fund the contributions described in paragraph 58, herein.

## COUNT VI
## CLAIM AGAINST DOMINICK C. MARANO AND MARIAN MARANO FOR CONSTRUCTIVE TRUST OF ASSETS THAT SHOULD HAVE BEEN USED TO PAY DELINQUENT CONTRIBUTIONS

66. Einhorn realleges all of the allegations set forth in paragraphs 1 through 65, herein.

67. Dominick C. Marano and Marian Marano are responsible for Liberty's failure to pay any portion of the contributions described in Paragraph 58, herein, that Liberty owes to the Pension Fund on behalf of Charles Butz.

68. The Trust Agreement provides that delinquent contributions owed to the Pension Fund constitute plan assets held in trust for the benefit of the Pension Fund. *See* Trust Agreement, Article VI, Section 5.

11

69. To the extent that Dominick C. Marano, Marian Marano, or both, have retained and controlled funds that are due and payable to the Pension Fund for the contributions described in paragraph 58, herein, they do so in direct violation of the terms of the Trust Agreement and related documents.

70. To the extent that Dominick C. Marano, Marian Marano, or both, have retained or controlled funds that are due and payable to the Pension Fund for the contributions described in Paragraph 58, herein, they have been unjustly enriched by continued retention of those funds.

71. To the extent that Dominick C. Marano, Marian Marano, or both, have retained or controlled funds that are due and payable to the Pension Fund for the contributions described in Paragraph 58, herein, a constructive trust should be imposed against the funds for the benefit of the Pension Fund.

WHEREFORE, Einhorn prays the Court to grant him the following relief on behalf of the Pension Fund:

(a) a judgment that requires Liberty to pay immediately all withdrawal liability owed the Pension Fund;

(b) an order declaring that each member of the Liberty Controlled Group is under common control with Liberty and jointly and severally liable to pay immediately the withdrawal liability that Liberty owes to the Pension Fund;

(c) an order imposing a constructive trust for the benefit of the Pension Fund on all funds retained or controlled by Dominick Marano, Marian Marano, or both, to the Pension Fund including, without limitation, all delinquent contributions and withdrawal liability

08/24/07/SL1 741544v1/027202.00051

that Liberty, the Liberty Controlled Group, Dominick C. Marano, and Marian Marano owe to the Pension Fund;

      (d) an order declaring that Dominick C. Marano and Marian Marano are personally liable for the withdrawal liability that Liberty and the Liberty Controlled Group owe to the Pension Fund, because they own the unincorporated "trade or business" described in paragraph 49, herein.

      (e) a judgment that requires Liberty, the Liberty Controlled Group, Dominick C. Marano, and Marian Marano to pay:

            (i) delinquent contributions;

            (ii) $406,000.80 in withdrawal liability;

            (iii) liquidated damages;

            (iv) prejudgment interest;

            (v) attorneys' fees and costs;

      (f) a permanent injunction enjoining all defendants from any future violations of MPPAA, or any other aspect of ERISA;

      (g) each such other relief as the Court deems appropriate.

STEVENS & LEE

Dated: August 24, 2007

By: /s/ Frank C. Sabatino
Frank C. Sabatino
Jo Bennett
John C. Kilgannon

Attorneys for Plaintiff

08/24/07/SL1 741544v1/027202.00051